# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 7-ELEVEN, INC., | Case No. 8:24-cv-00490-JWH-KES |
| Plaintiff, | Case No. 8:24-cv-00506-JWH-KES |
| v. | **PRELIMINARY INJUNCTION ORDER** |
| GURTAR SANDHU; and SSS REALM CORPORATION, | |
| Defendants. | |
| SSS REALM CORPORATION, | |
| Counterclaimant, | |
| v. | |
| 7-ELEVEN, INC., | |
| Counterdefendant. | |
| 7-ELEVEN, INC., | |
| Plaintiff, | |
| v. | |
| RAJWINDER ATWAL, and S.S.S. ATWAL, INC., | |
| Defendants. | |

S.S.S. ATWAL, INC.,

          Counterclaimant,

     v.

7-ELEVEN, INC.,

          Counterdefendant.

In accordance with the Order granting the motions of Plaintiff 7-Eleven, Inc. for a preliminary injunction[1] and 7-Eleven's action in posting an adequate bond,[2] the Court hereby **ORDERS** as follows:

1.      Defendants Gurtar Sandhu and SSS Realm Corporation in the _Sandhu_ Action and Defendants Rajwinder Atwal and S.S.S. Atwal, Inc. in the _Atwal_ Action (collectively, "Defendants") and each of them, their respective agents, servants, employees, and those in active concert or participation with any of them, are preliminarily **ENJOINED** and **RESTRAINED** from:

a.      using the trademarks 7-ELEVEN (Reg. No. 718,016); 7-ELEVEN (Reg. No. 920,897); OH THANK HEAVEN FOR 7-ELEVEN (Reg. No. 1,008,307); SLURPEE (Reg. No. 829,177); BIG GULP (Reg. No. 1,110,172); or 7-ELEVEN LOGO AND DESIGN (Reg. No. 896,654) (collectively, the "7-Eleven Marks"), or any trademark, service mark, logo or trade name that is confusingly similar thereto;

b.      otherwise infringing upon 7-Eleven's Marks or using any similar designation, along or in combination with any other components;

c.      causing a likelihood of confusion or misunderstanding regarding the source or sponsorship of Defendants' business, goods, or services; and

d.      causing a likelihood of confusion or misunderstanding regarding Defendants' affiliation, connection or association with 7-Eleven and its franchisees or any of their goods and services.

---

[1]      _See_ Order Regarding Cross-Mots. for Prelim. Inj. [ECF No. 86 in _7-Eleven, Inc. v. Sandhu & SSS Realm Corp._, Case No. 8:24-cv-00490-JWH-KES (the "_Sandhu_ Action") and _7-Eleven, Inc. v. Atwal & S.S.S. Atwal, Inc._, Case No. 8:24-cv-00506-JWH-KES (the "_Atwal_ Action")].

[2]      _See_ 7-Eleven, Inc.'s Not. of Manual Filing (Inj. Bond) [ECF No. 90 in the _Sandhu_ Action and ECF No. 84 in the _Atwal_ Action].

2. No later than July 20, 2024, or such earlier date and time that the parties may agree in writing, Defendants and each of them, their respective agents, servants, employees, and those in active concert or participation with any of them, shall surrender to 7-Eleven possession of the premises and facilities at each of the following:

    a. Store No. 24132, located at 17920 S. Avalon Blvd in Carson, California;

    b. Store No. 34535, located at 8600 S. Central Avenue in Los Angeles, California;

    c. Store No. 35639, located at 1800 E. Slauson Avenue in Los Angeles, California;

    d. Store No. 19988, located at 1621 N. Placentia in Fullerton California;

    e. Store No. 24506, located at 295 West Central in Brea, California; and

    f. Store No. 13999, located at 2850 Brea Boulevard in Fullerton, California (collectively, the "Stores").

Pending their surrender of the Stores, Defendants shall forthwith conduct no further business from the Stores and shall protect and preserve the inventory, funds, proceeds, and equipment located therein. 7-Eleven is permitted to assume operation of the Stores pending the final judgment or other disposition of these cases and to maintain its normal accounting processes and documentation.

3. Upon surrendering the Stores to 7-Eleven, Defendants and each of them, their respective agents, servants, employees, and those in active concert or participation with any of them, shall assemble and surrender possession of the inventory, proceeds, funds (including, without limitation, cash register funds),

and equipment (including, without limitation, the DVR hard drives and DVRs) of the Stores.

4.      Following Defendants' surrender of possession, 7-Eleven, or a vendor working at its direction, is **DIRECTED** to undertake a complete inventory of the contents of the Stores and to furnish copies of the inventory to Defendants (who may participate in and observe the audits).

5.      Defendants and each of them are **DIRECTED** forthwith to cease spending the change fund moneys and hold those funds pending 7-Eleven's return to the Stores.  If the change fund moneys have been removed from the Stores and remain in cash form, then Defendants are **DIRECTED** no later than July 20, 2024, to surrender such cash to 7-Eleven in an agreed-upon secure location.  Defendants are **DIRECTED** no later than July 20, 2024, to surrender and to pay by check to 7-Eleven any remaining change funds.

6.      Defendants and each of them are **DIRECTED** no later than August 19, 2024, to account in writing for expenditures from change fund monies not surrendered to 7-Eleven by name of payee/recipient.  Defendants and each of them are **DIRECTED** to identify specifically what happened to change fund monies since those funds were delivered to the Stores.

7.      Defendants and each of them are **DIRECTED** no later than August 19, 2024, to file with the Court and to serve upon 7-Eleven's counsel a written report, under oath, setting forth in detail the manner in which each of them has complied with this preliminary injunction.

**IT IS SO ORDERED.**

Dated:      July 18, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE